I'm Don Vogt for the Appellants. And I have a unique opportunity here to argue a case that has effectively been decided by Division I of the Court of Appeals. Is this the case that was your 28-J letter? Is that the case you're referring to? Steinberger? Yes. Is that what you're referring to? What's that? Is that the case that you just cited to us in the 28-J? Well, yes, I cited it to you because the case was decided only a very short time ago. I'm not criticizing you for the late notice. I just want to make sure I understand which case you're talking about. Yeah, that is the case, Steinberger. And in Steinberger, they effectively said that Hogan had failed to allege that WAMU and Deutsche Bank were not entitled to enforce the underlying note. Let me just stop you. Isn't that case distinguishable on the ground that in that case there was active inducement of the breach by the debtor who was assured by the loan servicer that she could get a modification of her note, but she would have to default, miss a payment, before they could grant the modification? So she did that, and then they told her, Oops, sorry, you're in default. We can't modify your note. Yes, that was an issue in Hogan. But those are not the facts before us, are they? Well, they – Your client is just flat out in breach of their loan obligations. They didn't pay on the note. Yeah, but we have a large number of other arguments that have not been made before but that are contained in the brief. And so one of our primary arguments is the foreclosing lender, successor lender, lacked the right to enforce the note, and more importantly, lacked the right to foreclose. Well, I guess the question I have for you is the property has now been sold, has it not? Yes, it has. So the question is, does Arizona recognize a cause of action that remains some sort of viable claim against the former lender, given that the property has been foreclosed? Are they coming after your client for a deficiency judgment or no? Not in Arizona. We have anti-deficiency legislation for homeowners living on – Your client faces no further liability to the lender now that the property securing the note has been foreclosed. Correct. But my understanding is the United States is certainly not a defendant. I guess the question that leaves for me is what's left for this federal court to decide? Okay, one of the things that's left is the catastrophic damage is that they've suffered as a result of the wrongful foreclosure of their home by someone without any right to enforce the note or to non-judicially foreclose. Arizona doesn't recognize such a cause of action, and we're sitting in diversity. So what's the basis of the federal claim then if there is no underlying state cause of action? Since this case came up under diversity of citizenship, a federal claim is not required, a federal question is not required. I understand that. But if we're sitting in diversity and there is no federal cause of action, then what is the basis of federal jurisdiction? Again, Your Honor, I don't believe we're required to allege any basis for federal jurisdiction in the diversity situation, although we do have a claim that their constitutional right to due process was denied when they never got a hearing. So is this a freestanding federal Fifth Amendment substantive due process claim? Is that your argument? That is one of many claims that we've alleged. And, again, all these claims are based upon rulings that have already been made by the Court of Appeals in Steinberger. I thought we addressed that situation in Cervantes. Now, Cervantes was decided in the very earliest stages, and that was not a case where hardly any of the arguments that I'm making today that were made in the Steinberger case. And no emphasis was placed on the insertion of the note and the deed of trust into the trust and the consequences of a failure to honor, to put the deed in the trust within this 90-day window time period. And if that doesn't happen, the foreclosure, the right to foreclose is simply not there. Well, Cervantes did decide. I'm looking at, let's see, what is it, 656 F. 3rd at 1041, where we outline the various claims and rulings by the district court. And one of the rulings that we addressed in Cervantes was their claim that they wanted leave to add a wrongful foreclosure claim. And that's the argument you're making here. And we said that would be futile because there is no such claim. Well, the arguments made in Steinberger were totally different and completely different. That's the point. Steinberger, that's the point. The argument in Steinberger had a unique set of facts, not just a run-of-the-mill foreclosure. Well, Your Honor, the facts were not unique because they were identical, virtually identical to the claims that we made, my client, the Gettys, made in their briefs. Now, could I ask a question? Am I entitled to a rebuttal? I'd like to. Yes. Do you want to save some time? Yeah. Let me see. Do you want to stop now? I'm only four minutes, 414 minutes in. You have four minutes left. So that would be your rebuttal. I'd like to reserve that time. Okay. Let's hear from Mr. Jacobs. Good morning, Your Honor. Andrew Jacobs for the defendants at Belize. Basically, the most important point in this case is one that was called out by one of your first questions, Your Honor, which is, does Arizona law recognize a further cause of action here lying after there has been a nonjudicial foreclosure  And the answer is no, Your Honor. And the answer to the question actually lies in a statute we've not yet discussed, which is Arizona Revised Statute 33811C. We mentioned that in our brief. And 33811C, as it has been, you can see in its plain language and been interpreted by the Arizona Court of Appeals, makes it such that after there is a judicial, a nonjudicial foreclosure where no temporary restraining order was obtained under Rule of Civil Procedure 65, no further action for damages can lie as a matter of Arizona law. And while that may seem to be a strict or harsh rule of law, it is Arizona's statutory choice enacted by its legislature, and the courts have not ruled that it is invalid for any reason and, in fact, have applied it in this way. And here in this case, 811C simply bars any attack on a foreclosure that was not enjoined. And here, Judge Martone dissolved the state court injunction at the time that he granted the motion to dismiss, and that is another path, though the discussion that was just had about Cervantes is another one, as to why there is no cause of action lying here for what counsel is after. A lot of what counsel is after as well is the idea that, you know, MERS is simply not a proper beneficiary. We're at a point now in litigation over not only show-me-the-note cases, but mortgage cases generally, where we don't question that MERS actually is a proper beneficiary. And that's not a pro-bank or a pro-foreclosure rule. That's a rule that gives proper notice to everyone in the system, that if MERS is in your deed of trust, that MERS has the opportunity to assign to other beneficiaries. The Arizona Supreme Court explained three years ago when it was asked on a certified question from bankruptcy judge in a decision written by then-Justice Hurwitz, which is the In re Vazquez case, that in a situation where the has basically explained that there is no requirement of public recordation of the documents evidencing the set of transfers, and that is, of course, the sine qua non of these show-me-the-note complaints. They're basically an exercise in burden flipping, and the plaintiffs, who feel aggrieved by the fact that for their admitted defaults that they will not have their house, they attempt to do a burden flipping exercise. And they say, as the phrase says, show-me-the-note, it's like an order to show cause. Come forward and prove to me, as the plaintiff, that the chain of custody is as I would like. But as Justice Hurwitz explained in 2011 in In re Vazquez, Arizona law imposes no such requirement, and as the Arizona Supreme Court explained in the Hogan decision in 2012, show-me-the-note is not the law in Arizona, and there is no affirmative requirement in a nonjudicial foreclosure that the forecloser come forward and demonstrate the chain of custody. And the ---- So, counsel, how do you explain the result in the Steinberger case? The Steinberger case, I believe, is correctly explained by the colloquy that occurred before I rose to the podium, which is that Steinberger presents a highly elaborated, highly specific set of facts, and I think the characterization in the question, with which I would wholly agree, is that there was a specific allegation of particular concrete behavior that specifically might have induced, if you take the pleading in Steinberger as true, which is what it was, might specifically have induced someone not to perform their obligations. This complaint, on the other hand, could not be more opposite and could not be more squarely drawn from the wellspring of show-me-the-note. It says, you know, you haven't shown me. I don't know. It's really curious that no one explained to me when the transfer occurred. I question logically why a transfer would have occurred. But the powers to transfer are all entailed by the note, and the facts could not be more contrasting to Steinberger. Steinberger was also a case which could be distinguished on the fact that under 811C, we have that issue again, that there was no injunction obtained. And so Steinberger was still pre-the-injunction because there was some backpedaling in Steinberger in the state court proceedings because there the bank litigant and the foreclosing litigant was trying to cure whatever the defect was and go ahead with the foreclosure. Here, as was noted in a set of questions, you are post-foreclosure. And the complaint, I was just looking back over it. It doesn't seem to be a complaint for emotional distress damages. It's simply a complaint for injunction under eight different counts, which are all separate stylings of the show-me-the-note theory. And there's no injunction possible now. Didn't we address the intentional infliction of emotional distress theory in Cervantes? I thought we rejected that as well. Yes, Your Honor. And I was just simply going back to the jurisdictional question, which is I'm not clear, given that we're post an injunction with the application of 33811C, I'm not clear, as Your Honor asked, what there is left for a federal court to do with this. There's nothing cognizable left in the complaint over which jurisdiction could be had. And, in fact, the appellant argues at a certain point that under Rule 17 and or 19 that necessary parties were not joined. But, again, that misconceives the burdens that adhere to a proceeding like this. It's not the responsibility in a nonjudicial foreclosure outside the courthouse, outside the court system, for the foreclosure to come forward and demonstrate things. And so the jurisdictional question, if anything, is the demise of the plaintiff appellant's complaint and not anything on our side of the fence. Counsel, let me ask you to clarify something and presumably eliminate any concern about an issue. April of 2010, MERS assigns, quote, all beneficial interest to HSBC. And then the notice of sale beneficiary is HSBC. Now, if we stop right there, I don't have a problem. A little more than a month later, MERS assigns as nominee for the lender all beneficial interest to HSBC, which leads me to say, well, why did they do that at all? Secondly, if HSBC in March of 2011 didn't already have the beneficial interests of the lender, doesn't that create an issue? Now, perhaps you could explain why that's not an issue. Well, Your Honor, if I understand the question correctly, I don't think that attempting to do something twice means you necessarily did it wrong in the first place. Sometimes lawyers, and one could accuse them of over-lawyering it. I appreciate the belt and suspenders, but to the extent that I could tease out the issues as I would understand them, there was an issue about MERS being the beneficiary, et cetera. So the May action, like any time you amend a statute, the May action makes it look like you had to do it, in which case you wonder then what was wrong with the original assignment. That's all. Again, sometimes, Your Honor, I mean, I've been involved in cases where in a sale you have duplicative covenants and where documents perform literally redundant functions, and I don't have a better answer for Your Honor than that, but I think that often occurs, especially in an area where, you know, you get allegations. Like here, you know, an individual at MERS, Mr. Sconiers, is singled out as a, quote, known robo-signer. Sometimes people do duplicative and redundant things when they're likely to be the object of later criticism or scrutiny for incompletely executing the very functions that are at issue in a complaint like this. Do I also understand your colloquy with Judge Tolman to mean even if there was a defect in the sense that MERS was not a proper beneficiary, et cetera, et cetera, that there's still no cause of action here. Is that? There is. From a jurisdictional standpoint, there's nothing here for the court to have jurisdiction over under 33811C separately. There is no cause of action that survives the failure to obtain Rule 65 temporary restraining order. I could keep talking, Your Honors, but that's really basically what I have unless there are other questions to which I could speak. I don't have anything further. Thank you for your time, Your Honors. Thank you very much. Mr. Loeb, I think you've got about four minutes remaining. Thank you, Your Honor. Judge Garbus has a great point there because what is the necessity for this second assignment? And that's part of the obfuscation of the record by the defendants. They have never provided the name of the mortgage-backed security into which my clients could even name the proper parties, which they're required to do. They're required to join that trustee for the investors initially. But they never reveal that information, causing all kinds of difficulty for the plaintiffs. Well, they know who is purporting to conduct the trustee sale. That doesn't prevent them from going into Maricopa Superior Court and obtaining a restraining order to enjoin the sale. Well, they did that. They did attempt to enjoin the sale with the TRO. But then the Federal District Court dissolved it. And, Your Honor, when Judge Tallman, when you're mentioning that, I've never heard of a situation where anyone has successfully asked the court, the district court, to provide a hearing on a preliminary injunction. And so we were deprived of that. All of a sudden, the TRO expired, as I understand it, by its own terms. So I don't think that stopped us from bringing a current appeal. Because we never got a meaningful hearing at a meaningful time in a meaningful manner. And now another issue is that we supported all of our claims with the report, exhaustive report of our securitization analyst and title examiner, Marie McDonald. We supplied not one report, two reports by this very well-known securitization analyst. Now, no rebuttal was ever presented to any of those reports in their briefs. In fact, none of the ‑‑ What did those reports prove in terms of a cause of action? What's that? I'm sorry. What did those reports establish in terms of supporting a viable cause of action? Oh, they absolutely supported all of our arguments why no one had authority. No one had authority to enforce the note or to foreclose. But that's the same theory that we invalidated in Cervantes. Well, I think some of the rulings in Cervantes have been readdressed by the court in our new case Steinberger. And it exhaustively talks about the necessity for providing just what Marie McDonald supplied, which are facts and documents showing all of the arguments that we're making about the fact that it never got into the trust within 90 days and that that's now binding. Counsel, how can we overrule Cervantes? That's binding authority on us with all due respect to our sister state court. Well, I think that's an easy one, Your Honor, I believe. And I believe that it's the law in the state of Arizona that governs. And that is the law set forth in Steinberg, which is ‑‑ That may govern the Arizona Court of Appeals. It doesn't govern the United States Court of Appeals. When we have direct precedent of our court addressing this legal issue, we have to follow it, even if the Arizona courts later interpret their law differently. The only remedy for that is to go and bank and overrule Cervantes. And that hasn't happened yet. No, I believe you'd be distinguishing Hogan. Hogan is the ruling of the Arizona Supreme Court. Which has now been told by Cervantes that the premise that you can't challenge the foreclosure has been now permitted. Because we're now entitled to the borrower, the lender, once it approves or tries to approve, that they have the right to enforce a note and to foreclose. And once the borrower then rebuts that claim, the lender is then required to rehabilitate himself and present his own arguments to rebut the claims of the borrower, which are all supported factually in Ms. McDonald's report, which is unrebutted. Counsel, you are out of time. Thank you very much for your argument. The case just argued is submitted.
judges: Garbis, Tallman, Rawlinson